(59 Misc. Rep. 263.)

### RIVARZ v. PATTERSON.

(Supreme Court, Trial Term, Kings County. May, 1908.)

EXECUTORS AND ADMINISTRATORS—DEBTS—PERSONAL LIABILITY OF EXECUTRIX.
Testator died a resident of New York without sufficient personal property to pay his debts. His other property consisted of lands in New Jersey, which were conveyed by his heirs at law to his widow, who was the executrix, some seven years after testator's death. *Held*, in view of the New Jersey statutes, providing that the real estate of a decedent shall remain liable for his debts for a year after his decease; that the widow, having sold the land, was not liable to account to a New York creditor of decedent's estate, who had obtained a judgment against the executor, for the proceeds of such real estate, in the absence of knowledge on her part during a year after decedent's death of plaintiff's claim or proof of her neglect to take any proceedings authorized by New Jersey laws for the enforcement of plaintiff's claim against such real estate during the statutory period.

Action by Blanch Rivarz against William M. Patterson, as executor of the will of Peter B. Ross, deceased, and another, to recover against Anna M. Ross, as executrix, personally the amount of a debt owing by decedent. Judgment for defendant.

Edwin G. Davis, for plaintiff.

John Ewen (William R. Wilder, of counsel), for defendant.

CARR, J.   This action is brought on the theory that Anna M. Ross, an executrix of the last will of Peter B. Ross, by possessing herself individually of the title to certain real property of the decedent, situate in the state of New Jersey, became thereby liable individually for the debts of the decedent to the extent of the value of the real property in question.   The decedent left no personal property.   His only assets seem to have been certain parcels of real estate in New Jersey which he devised for life to his widow, Anna M. Ross, with remainder over to his two children, subject to a power of sale, not to be exercised until the death of his widow.   There were two executors named in the will, Anna M. Ross, his widow, and Daniel J. Ross, his brother. The decedent died a resident of this state and his will was admitted to probate here.   Some time after his death a claim against his estate was presented to his executors in this state; and, being rejected, it was sued upon and resulted in a judgment which forms the basis of this action.

It appears that about seven years after his death his children conveyed to the widow individually, their interest in the decedent's real property, and that she subsequently sold the same for prices exceeding the amount of the debt now sought to be collected in this action.   The plaintiff's express claim is that Anna M. Ross, as executrix, was a trustee of the assets of the decedent for the benefit of his creditors, and that, by acquiring a part of said assets in her individual capacity, she was guilty of a breach of trust which imposed upon her a personal liability to the creditors to the extent of the property so acquired.   As a general proposition of law, this contention may be sound; but, under the peculiar facts of this case, this general rule may not apply.   At common law the real estate of a decedent was not liable for his simple contract debts; and his executor could not subject it to the burden of such obligations, unless under some statute.   As the real estate in question here was situate in New Jersey, its liability for the debts of the decedent must be determined under the statutes of that state.   Deyo v. Morss, 30 App. Div. 56, 51 N. Y. Supp. 785.   The only statute of New Jersey proved by the plaintiff on this point provides as follows:

"The lands, tenements, hereditaments and real estate of any person who shall die seized thereof * * * shall be and remain liable for the payment of his or her debts for one year after his or her decease and may be sold by virtue of an order of the orphan's court of the county where such lands, tenements, hereditaments and real estate shall lie," etc.

Under this statute, the debts of the decedent were a burden upon the real estate only for the period of one year after his decease.   At the time Mrs. Ross took title individually to this real property, such debts were no longer a charge upon it.   As the land was not devised to the executors in trust, it passed to the devisees free from any control or power over it on the part of the executors.   There is no proof that Mrs. Ross ever knew of the existence of any debts of the decedent during the period in which, under the New Jersey statute, the real estate was liable for such debts.   If she knew of any debts, and the

statute gave her the power to maintain proceedings to sell the land, there might arise a question as to a breach of trust in not proceeding against the lands; but there is no evidence given in this case either as to her knowledge of debts or her statutory power in New Jersey to maintain such proceeding. When she took title to the lands in question as an individual, their then owners were in a position to convey them free from all claim of creditors. It cannot be that she acquired any less title than had her grantors. The mere fact that she was an executrix of her husband's will did not re-subject these lands to a burden which had lapsed as against the devisees. If she was as executrix a trustee for the creditors, it was only to the extent of their legal rights against the real property assets. These rights had ceased entirely before she became vested with the title individually. No breach of trust on her part as executrix can be spelled out under the proofs in this case, and hence no personal liability under the plaintiff's theory. Even if she had been sued as a devisee, the result would be the same. Deyo v. Morss, ut supra. Be that as it may, however, this present action is not brought against her as devisee, but as executrix; and, as it seems to me, it is clearly not maintainable.

Judgment is directed for the defendant on the merits.

Judgment for defendant.